## TURNER v PICKELHEIMER

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 13, 1933

John D. Ellis, City Solicitor, Cincinnati, and Leonard S. Sher, Cincinnati, for plaintiffs in error.

Michael C. Lacinak, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

The major and controlling question presented is whether or not the agent had authority to amend the original application by

eliminating or attempting to eliminate the school property after the county commissioners had passed upon such original application unfavorably to the applicants.

The plaintiffs in error rely upon §§3521 and 3549, GC, for such authority. §3521, GC, provides:

"The hearing shall be public, and may be adjourned from time to time, and from place to place, according to the discretion of the commissioners. Any person interested may appear, in person or by attorney, and contest the granting of the prayer of the petition and affidavits presented in support of or against the prayer of the petition shall be considered by the commissioners, and the petition may be amended by their leave. If any amendment is permitted, whereby territory not before embraced is added, the commissioners shall appoint another time for the hearing, of which notice shall be given, as specified in the last preceding section."

Sec 3549, GC, provides:

"The petition shall be presented to the board of commissioners at a regular session thereof, and when so presented the same proceedings shall be had as far as applicable, and the same duties in respect thereto shall be performed by the commissioners and other officers, as required in case of an application to be organized into a village under the provisions of this division. The final transcript of the commissioners, and the accompanying map or plat and petition, shall be deposited with the auditor or clerk of the municipality to which annexation is proposed to be made, who shall file them in his office."

While §3521 GC provides for amendment of the petition or application, it obviously does not nor does any other section of the code directly or inferentially authorize the agent provided for in §3548, GC, to change the area sought to be annexed either by extending or diminishing the bounds thereof.

Sec 3548, GC, provides in reference to the petition for annexation "and shall contain the name of a person authorized to act as the agent of the petitioners in securing such annexation," and it is further provided in this section that the petition for annexation shall contain "a full description of the territory, and be accompanied by an accurate map or plat thereof."

The words "such annexation" should be noted.

There may be cases which would more clearly illustrate sound reason why the powers claimed for the agent should not be implied from the statutory provisions applicable, but we can not imagine what they would be.

To imply authority in the agent to do what he sought to do in the instant case is to permit him with such imaginary and assumed power to completely subvert the original intention and the manifest wishes of the original signers of the petition for annexation, and leave them helpless merely because they had designated a person to act for them in a purely procedural manner, and certainly limited to the annexation described.

A court of equity in any event should not lend its power thereto.

Applying the ordinary rules applicable to principal and agent, which is the only measure provided under our present law, the agent is limited to such powers as shall carry out the enterprise involved for the interest of the principal. In the absence of direct and explicit provision, no power vests in him to proceed to his principal's undoing.

Only one authority at all in point has been suggested as being contrary to our view, and that is Shugars, Clerk v Williams et, 50 Oh St, 297. An examination of this decision shows that it is in no way helpful in deciding the question herein involved.

Other matters have been urged as to why the decision of the trial court was correct, but we find it unnecessary to go further than what has been said.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.