Herbert, J.
The appellants claim that the record discloses prejudicial error, in substance, as follows:
The 26 families residing in the excluded “island” should be considered “freeholders” of the area sought to be annexed, and that, therefore, the petition to annex was fatally defective by reason of insufficient signatures; that the map pretending to describe the annexed area was inaccurate; and that the notice failed to satisfy the requirements of Section 707.05, Revised Code, in that it was posted in a window in a rest home in the area eight feet from the ground and 75 feet from the road and not in a conspicious place. Appellants questioned the authority of the petitioners’ agent to move to amend the petition to exclude the portion of the yard of the Heckterses from the tract described in the amended petition and further questioned whether the annexation proceedings were ‘ ‘ right, just and equitable” under all the facts and circumstances then and there existing.
Section 709.02, Revised Code, reads as follows:
*92 “The inhabitants residing on territory, adjacent to a municipal corporation may, at their option, canse such territory to be annexed thereto, in the manner provided by Sections 709.03 to 709.11, inclusive, of the Revised Code. Application for such annexation shall be by petition, addressed to the Board of County Commissioners of the county in which the territory is located, signed by a majority of the adult freeholders residing in such territory. Such petition shall contain the name of a person authorized to act as the agent of the petitioners in securing such annexation, a full description of the territory, and shall be accompanied by an accurate map or plat of the territory sought to be annexed. ’ ’
Annexation proceedings are controlled by statute. The party seeking an injunction must show a clear right thereto. In a hearing upon a petition to annex territory adjacent to a municipal corporation, the Board of County Commissioners is allowed wide latitude in the exercise of its discretion.
The appellants present four assignments of error. We shall discuss them in the order in which appellants have presented them.
First. “The Court of Appeals erred in the interpretation and construction of Section 709.02, Revised Code.”
Under this assignment of error it is contended that the freeholders residing in the excluded “islands” should be considered as “inhabitants residing on” or “residing in a territory adjacent to a municipal corporation within the purview of Section 709.02, Revised Code”; and that the map defining the area annexed failed to meet the requirements of Section 709.02, Revised Code.
The statute does not limit the geographic size of any territory adjacent to a municipal corporation proposed to be annexed, nor does it prescribe any limitation as to the number of persons residing therein. The phrase, “at their option,” leaves the size of the area and the numbers of persons residing therein to be determined by the “freeholders” who signed the petition.
Twenty-five or twenty-six families resided in one of the “islands” excluded. Nonresidents of an area sought to be annexed do not have any voice in the annexation proceedings other than the right to appear and attend the hearing before the Board *93 of County Commissioners and to contest the annexation. See Section 707.06, Revised Code, and Chadwell v. Cain, Clerk, 169 Ohio St., 425, 430, 431.
A single freeholder, if he is the only one residing in the territory described in the petition, constitutes a majority under Section 709.02, Revised Code.
It is not unusual to find an “island” densely populated and entirely surrounded by a municipality. Furthermore, there are instances where a whole municipality is surrounded by a larger municipality.
As to the claim under this assignment of error that the map is not accurate, the record discloses that this map was checked “for accuracy” by the city engineer of Fremont, the Sandusky County engineer, and an Ohio registered surveyor. With such evidence in the record it cannot be said that the Board of County Commissioners abused its discretion in reaching the conclusion that the map conformed to the statute.
The first assignment of error is overruled.
Second. “The Court of Appeals erred in the interpretation and construction of Section 707.05, Revised Code.”
This section deals with the presentation of the petition to the Board of County Commissioners and the filing of the same in the office of the county auditor, where it is subject to inspection by the general public, and provides further that “thereupon the agent for the petitioners shall cause a notice containing the substance of the petition, and the time and place where it will be heard, to be published in a newspaper, printed and of general circulation in the county, for a period of six consecuüve weeks, and shall also cause a copy of the notice to be posted in a conspicious place within the limits of the proposed municipal corporation, not less than six weeks prior to the time fixed for hearing.”
Notice was given as required by law in a newspaper of general circulation. A copy of the notice was placed in a window of a public rest home. This rest home was on private property and as hereinbefore stated was about 75 feet from the sidewalk, and the notice was posted about eight feet above the ground.
At the hearing before the Board of County Commissioners, *94 all the appellants were present. Counsel for the appellants in the argument before this court stated that everyone who had an interest in the controversy was either present or had knowledge of it. There was no denial of any right to anyone by the method used to post the notice. There were no public buildings within the territory annexed. Although a more conspicious place may have been found, nevertheless it appears that no one in interest was prejudiced by the manner or method in which notices of the hearing were made public. The second assignment of error is overruled.
Third. In this assignment of error the appellants contend that the “courts below erred in holding the agent of the petitioners could amend the petition before the Board of County Commissioners. ’ ’
After the map of the area had been prepared, but before the filing of the petition with the Board of County Commissioners, William Heckters, and his wife, homeowners and freeholders in the neighborhood but not residing in or upon the area to be annexed, purchased a small parcel of land at the rear of their home, a part of which was within the map of the area annexed. It was unimproved and there was some conflict of testimony as to whether the Heckterses intended to use it for commercial purposes or to extend their backyard. The Heckterses objected to any part of the newly acquired parcel being annexed to the municipality.
Thereupon, at the hearing, the agent appointed by the petitioners moved to amend the petition to exclude this small area from the territory sought to be annexed. The Board of County Commissioners allowed the amendment. Had this action not been taken, or had this small tract remained within the area to be annexed, it would have been contrary and harmful to the interests of the Colvins, the petitioners. The agent was acting in the furtherance of the enterprise and also protecting the interests of his principals. Furthermore the allowance of the amendment to the petition satisfied the Heckterses. All the land sought to be annexed was described in the amended petition. No new land was added. A very small portion of an unimproved parcel was excluded by the amendment.
Appellants cite two Ohio cases to support their position *95 that the agent appointed by the petitioners was not authorized to change the original petition by amendment, and that the Board of County Commissioners was without lawful authority to grant such an amendment. Those cases are:
Urner, City Aud., v. Pickelheimer, 45 Ohio App., 343, and Shugars, Clerk, v. Williams, 50 Ohio St., 297. The first paragraph of the syllabus in the Pickelheimer case is:
“1. Agent for petitioners in securing annexation of area to city held unauthorized to amend original annexation application by eliminating school property, after county commissioners had denied application on ground inclusion of school property would cause hardship (Sections 3521, 3548 and 3549, General Code).”
The petition in that case sought to annex to the city of Cincinnati a certain area known as Fairfax. At the hearing before the Board of County Commissioners, it was disclosed that there was a comparatively new school building on the tract described in the petition. It was disclosed further that, if the annexation were allowed, the property owners in the unannexed portion of the school district would be required to pay for the school building, but would be denied any use of it. By reason of this injustice the Board of County Commissioners denied the petition for annexation.
The agent of the petitioners named in the original petition then took it upon himself ‘ ‘ to amend such application for annexation by eliminating from the description by metes and bounds the school property.”
The Board of County Commissioners, upon later consideration of the amended petition which eliminated the school property, approved it.
An action for injunction was brought to enjoin the auditor of the city of Cincinnati from passing the transcript of the record of the proceedings before the Board of County Commissioners to the city council of Cincinnati. The question was presented in that action whether the agent had authority to exclude the school property by amendment in the exercise of his own judgment. The petition for injunction alleged that, with the school property eliminated, there would be many families and a great number of children denied the use of the new *96 school property, and the “children * * * would be compelled to travel some mile and a half to the nearest Cincinnati school, over a public highway, heavily traveled, and with no sidewalks, thus endangering their lives.”
It was alleged further in the petition that the “vast majority of the citizens and property holders in the area have signed a petition in protest against the annexation of the area with the school property eliminated.”
It is apparent that the agent exceeded his authority. He was acting contrary to the interests of his principals and to the enterprise as a whole.
The court enjoined the annexation.
The syllabus in the Pickelheimer case continues:
“2. Court of equity should not lend its powers to permit agent for petitioners in securing annexation to city to subvert original intention of signers of annexation petition (Sections 3521, 3548 and 3549, General Code).
“3. Agent is limited to powers which carry out enterprise involved, for principal’s interest, and no power vests in him to proceed to his principal’s undoing in absence of direct and explicit provision.”
The court did not hold that the agent of the petitioners was denied any authority whatsoever to make any changes by amendment in the petition for annexation. The court did indicate that an amendment to the petition offered for the advancement and protection of the interests of the petitioners and furthering the enterprise would be proper.
The Pickelheimer case, when properly construed, supports the position of the petitioners.
Section 709.03, Revised Code, provides that when a petition required by Section 709.02, Revised Code, is presented to the Board of County Commissioners “the same proceedings shall be had as far as applicable and the same duties in respect thereto shall be performed by the board and other officers as are required * * * under Sections 707.01 to 707.30, inclusive, of the Revised Code.”
Section 707.06, Revised Code, in part reads:
“ * * # Any person interested may appear [at the hearing] in person, or by attorney, and contest the granting of the prayer of the petition provided for by Section 707.03 of the *97 Revised Code * * * and the petition may be amended by its [Board of County Commissioners’] leave.”
It follows, therefore, that the statutes have granted a clear right to amend a petition for annexation by leave of the Board of County Commissioners.
The Shugars case, supra, recognizes this statutory grant of authority to the Board of County Commissioners to grant leave to amend a petition for annexation without consent of the principals. It is not to be inferred, however, that an agent may offer an amendment that is inconsistent with the interests of his principal or the enterprise. This assignment of error is overruled.
Fourth. “The courts below erred in holding the granting of the petition was right, just and equitable.”
The tribunal called upon to determine whether a set of facts is “right, just and equitable,” or otherwise, must of necessity be clothed with wide discretionary power and authority. The Board of County Commissioners of Sandusky County has the advantage of actually seeing and knowing the territory involved and to observe the physical aspects presented. This advantage is denied a reviewing court.
The annexed territory cannot be termed a gerrymander. It has no similarity to the grotesque absurdly shaped district created by Governor Elbridge Gerry. The appellants are not disturbed in their homes or property. Their wishes have been respected — their property is not annexed. The appellants can hardly deny to others the right of annexation, if that procedure is their wish.
It appears that in addition to petitioners’ land, there is already on the remaining acreage a shopping center, bank, airstrip, industrial sites as well as farm land.
The law encourages progress, and legislation is shaped to that end. We cannot say that the Board of County Commissioners or the trial court abused its discretion by allowing the annexation here under consideration.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Grieeith and Gibson, JJ., concur.